Lin v. Holder

BIA
A095 381 951

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of October, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

ZHONGYU LIN,
> *Petitioner,*

> v.

UNITED STATES DEPARTMENT OF JUSTICE and
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondents.*

_____

09-4136-ag
NAC

FOR PETITIONER:          Dehai Zhang, Flushing, New York.

FOR RESPONDENTS:         Tony West, Assistant Attorney
                         General, Civil Division; Michelle
                         Gorden Latour, Assistant Director;
                         Jessica E. Sherman, Trial Attorney,

**Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Zhongyu Lin, a native and citizen of the People's Republic of China, seeks review of a September 23, 2009, order of the BIA denying her motion to reopen. *In re Zhongyu Lin,* No. A095 381 951 (B.I.A. Sept. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of Lin's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). According to Lin, 8 U.S.C. § 1229a(c)(7)(C)(ii) implies that the timely filing of her first motion to reopen preserved her right to file a later motion to reopen, regardless of any time and numerical limitations that would otherwise apply. To the contrary, an alien may only file a single motion to reopen and must do so within ninety days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Lin's

August 2009 motion to reopen was filed seven years after the IJ's June 2002 *in absentia* removal order became final.

Lin argues that the BIA abused its discretion in declining to excuse the ninety-day filing deadline for her motion to reopen. However, eligibility to adjust status does not constitute an exception to the applicable time limitation on motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3); *see also Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board"). Moreover, because Lin's motion was untimely, her argument that reopening was warranted under *In re Velarde-Pacheco*, necessarily fails. *See* 23 I. & N. Dec. 253, 256 (BIA 2002)(permitting the agency to reopen an alien's removal proceedings to allow them to apply to adjust status based on marriage to a U.S.-citizen only when the motion to reopen was "timely filed"). The BIA therefore did not abuse its discretion in denying Lin's untimely motion to reopen, and we deny the petition for review to this extent. *See Ali*, 448 F.3d at 517.

3

Finally, we lack jurisdiction to consider Lin's argument that the BIA erroneously determined that she failed to demonstrate exceptional circumstances warranting reopening her proceedings *sua sponte*. The BIA's determination as to whether it will exercise its *sua sponte* authority is entirely discretionary and thus beyond the scope of our jurisdiction. *See id.* at 518. Although remand may be appropriate "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), there is no indication here that the BIA misperceived the law in declining to reopen proceedings *sua sponte*.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4